IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR281 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ENRIQUE CABALLERO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C.
§ 2255 and amended motion to vacate. Filing No. 145, Filing No. 155. The court ordered
the government to answer, Filing No. 157, and the government has done so. Filing No.
163.

**BACKGROUND**

The defendant entered a plea of guilty to a violation of 21 U.S.C. § 846 for
conspiracy to possess with intent to distribute methamphetamine and crack cocaine. The
defendant was sentenced to the mandatory minimum sentence of 10 years. In his § 2255
motion and his amended § 2255 motion, the defendant alleges that he received ineffective
assistance of counsel in connection with setting up debriefs prior to his guilty plea and
sentencing, and for counsel's failure to investigate every defense.

**STANDARD OF REVIEW**

Ineffective assistance of counsel claims are analyzed under the framework
described in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, defendant has
the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by his
attorney's performance "below the minimum standards of professional competence"; and

2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at 690). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish deficient performance on behalf of counsel, defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669.

## DISCUSSION

*Ineffective Assistance of Counsel*

In his grounds for relief, defendant contends his counsel was ineffective in two respects: (a) for failing to follow up on all possible defenses; and (b) for failing to set up any "debriefs" prior to sentencing. With regard to the first issue, the defendant merely recites conclusory language and offers no specifics as to any specific failure to investigate his case. Without setting forth any detail, this court could not establish that counsel's performance fell below the professional norms or that there is a likelihood that the outcome of the case would have been any different. *See United States v. Davis*, 406 F.3d 505, 510 (8th Cir. 2005) (rejecting ineffective assistance claim where petitioner failed to establish pretrial investigation would have changed trial's outcome). Further, during the plea hearing, defendant indicated that he was satisfied with the services of his defense counsel. There is simply nothing in the § 2255 petition that even remotely provides a basis for an ineffective claim on this issue.

With regard to the second claim, defendant contends he was entitled to safety valve relief and a reduction for cooperation, and his counsel was ineffective in this regard. The

record indicates that defendant is incorrect. The parties stipulated in the plea agreement that no motion to reduce the sentence would be filed by the government unless the defendant fully cooperated. Apparently during the proffer, defendant was unable to remember exact or approximate dates and could not offer substantial specific information. Defendant was told that if he had additional information he could re-proffer. However, he has not indicated at any time that he has any additional information to provide. Further, the defendant specifically waived the right to challenge the government's decision in this regard. The government outlined the terms of the plea agreement at the change of plea hearing. See Fed. R. Crim. P. 11(c)(2) (requirement that plea be disclosed in open court). Defendant admitted his guilt during the plea hearing.

The plea agreement did acknowledge that defendant might be eligible for safety valve relief but that depended upon his criminal history score. Findings set forth in the Presentence Report ("PSR") showed that defendant was a Criminal History Category II which meant he was not eligible for the safety valve relief. Defendant objected to this portion of the PSR, arguing that he had proffered as agreed and asking for the safety valve. During sentencing, however, the court denied the motion for safety valve on the grounds that defendant was not eligible for it. The court asked about cooperation and the government said it would likely occur within the next year. Sentencing occurred and no appeal followed. Consequently, defendant received the mandatory minimum of 120 months.

Afer reviewing the record, the court finds there is no merit to defendant's claims that his counsel was ineffective. Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's

representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) *(citing Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)). The defendant has made no allegations that would lead this court to believe his plea was anything but voluntary. The court finds there is no merit to defendant's claims that counsel was ineffective. For all the reasons stated herein, the court finds the defendant's motion is denied.

THEREFORE, IT IS ORDERED:

1. That the defendant's Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Filing Nos. 145 and 155, are denied.

2. A separate Judgment will be entered.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 2nd day of February, 2012.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.